UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

FREDERICK COLEMAN,

    Plaintiff,

v.

NURSE ARRINGTON, ET AL.,

    Defendants.

Civil Action No. 7:19-028-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Frederick Coleman is an inmate at the United States Penitentiary (USP) – Big Sandy in Inez, Kentucky. Proceeding without a lawyer, Coleman filed a civil rights complaint against five prison employees pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Coleman alleges that, in April 2016, the defendants displayed a deliberate indifference to his serious medical needs in violation of his rights under the Eighth Amendment to the United States Constitution. [R. 1].

The Court conducted an initial screening of Coleman's complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) and determined that it required a response from the defendants. Therefore, the Court directed the Clerk's Office and the United States Marshals Service to serve the defendants with a summons and copy of the complaint on Coleman's behalf. [R. 9].

The defendants have now filed a motion to dismiss Coleman's complaint, arguing that his claims are barred by the applicable statute of limitations. [R. 23]. Coleman has since filed a response in opposition to the defendants' motion. [R. 27]. The defendants' motion is now ripe for a decision by this Court.

The Court will grant the defendants' motion to dismiss because Coleman's claims are, in fact, barred by the statute of limitations. Although Congress has not formally articulated a statute of limitations period for *Bivens* claims, federal courts apply the most analogous statute of limitations from the state where the events occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985). The conduct giving rise to Coleman's Eighth Amendment claims occurred in Kentucky, at USP – Big Sandy. [*See* R. 1]. Therefore, Kentucky's one-year statute of limitations for personal injury claims applies. *See* Ky. Rev. Stat. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003) ("*Bivens* claims have a one-year statute of limitations under Kentucky law."). Coleman, in turn, was required to bring his *Bivens* claims within one year of becoming aware of the injury forming the basis for his claims. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted).

Coleman complains of conduct that occurred in April 2016. [*See* R. 1]. Nevertheless, he did not file this *Bivens* action until March 2019. [*See id.*]. To be sure, the one-year limitations period would have been tolled while Coleman exhausted his administrative remedies under the Bureau of Prison's Inmate Grievance Program. *See Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). But, as both parties' submissions indicate, Coleman did not even begin that exhaustion process until at least August or September 2017, well after the statute of limitations had already run. And while Coleman now suggests that the statute of limitations should only begin to run after he fully exhausts his administrative remedies, on his own time frame, he cites no legal authority that supports that proposition. Instead, as this Court has pointed out, "exhaustion of administrative remedies tolls the running of the statute of limitations, but it does not delay its commencement."

*Cuco v. Federal Medical Center – Lexington*, No. 05-cv-232-KSF, 2006 WL 1635668, at *25 (E.D. Ky. 2006) (citation omitted). In short, Coleman's claims are simply untimely.

Accordingly, it is **ORDERED** that:

1. Coleman's Eighth Amendment deliberate indifference claims [R. 1] are **DISMISSED** with prejudice.

2. This action is **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

Dated September 30, 2019

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY